1 | BARBARA J. PARKER, City Attorney - SBN 069722
OTIS McGEE, Jr., Chief Assistant City Attorney - SBN. 71885
2 | COLIN T. BOWEN Supervising Trial Attorney – SBN 152489
MICHELLE M. MEYERS, Senior Deputy City Attorney – SBN 236387
3 | One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
4 | Phone:  (510) 238-2964, Fax:  (510) 238-6500
Email: mmeyers@oaklandcityattorney.org
5 | 31859/2272150

6 | Attorneys for Defendants
CITY OF OAKLAND, SABRINA LANDRETH,
7 | WILLIAM BERGER, BRANDON HRAIZ,
BRENTON LOWE, CEDRIC REMO,
8 | RICHARD VIERRA, NATHANIEL WALKER

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN FRANCISCO DIVISION**

12

13 | SHELLEY WATKINS,                                    Case No.  17-cv-06002-JCS

14 |               Plaintiffs,              **DEFENDANTS CITY OF OAKLAND'S,
                                            SABRINA LANDRETH'S, WILLIAM**
15 |       v.                              **BERGER'S, BRANDON HRAIZ'S,
                                            BRENTON LOWE'S, CEDRIC REMO'S,**
16 | CITY OF OAKLAND; Oakland Police        **RICHARD VIERRA'S AND NATHANIEL
                                            WALKER'S  NOTICE OF MOTION AND**
     Department Chief SABRINA LANDRETH, in  **THEIR MOTION TO DISMISS**
17 | her Individual and Official Capacities; Oakland  **PLAINTIFF'S COMPLAINT**
     Police Officer WILLIAM BERGER in his   **[Fed. R. Civ. Pro. 12(b)(6)]**
18 | individual capacity; Oakland Police Officer
19 | BRANDON HRAIZ in his individual capacity;  **Date: January 26, 2018**
     Oakland Police Officer BRENTON LOWE in his  **Time: 9:30 a.m.**
20 | individual capacity; Oakland Police Officer  **The Honorable Joseph C. Spero**
21 | CEDRIC REMO, in his individual capacity;
     Oakland Police Sergeant RICHARD VIERRA,
22 | in his individual capacity; Oakland Police
     Officer NATHANIEL WALKER in his
23 | individual capacity; and DOES 1-30

24 |               Defendants.

25

26

DEFENDANTS' NOTICE AND MEMORANDUM                1                17:-cv- 06002-JCS
OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

## **TABLE OF CONTENT**

Page No. (s)

TABLE OF CONTENT ..................................................................................................2

TABLE OF AUTHORITIES..........................................................................................3

NOTICE OF MOTION AND MOTION........................................................................6

ISSUES TO BE DECIDED............................................................................................6

MEMORANDUM OF POINTS AND AUTHORITIES.................................................8

I.     BACKGROUND FACTS .....................................................................................8
       A.     The Incident ..............................................................................................8
       B.     The Detention and Arrest .........................................................................8
       C.     Subsequent Action....................................................................................9

II.    PROCEDURAL POSTURE..................................................................................9

III.   LEGAL STANDARD............................................................................................9

IV.    FEDERAL CLAIMS ...........................................................................................10
       A.     Plaintiff Cannot State a Claim for 28 U.S.C. § 1983 ...........................10
       B.     Plaintiff's *Monell* Claim is Likewise Barred.......................................10
       C.     Qualified Immunities..............................................................................11
              1.     The Officers' Alleged Conduct Is Subject to Protection by
                     Qualified Immunities.....................................................................11
              2.     When an Officer is Immune, the City is also Immune ..............12

V.     CALIFORNIA STATE LAW CLAIMS...............................................................12
       A.     Plaintiff Fails To State a Claim for Violation of Civil Code § 52.1
              ("Bane Act").............................................................................................12
       B.     Plaintiff's Claims for False Arrest and False Imprisonment are
              Statutorily Barred ...................................................................................13
       C.     Plaintiff's Claims for Assault and Battery Should be Dismissed.........14
       D.     Plaintiff's Eighth Claim for Negligence Should Be Dismissed as to
              the City .....................................................................................................15

VI.    PUNITIVE DAMAGES ......................................................................................16
       A.     Plaintiffs Claim for an Award of Punitive Damages against the City
              must be dismissed because Public Entities are Exempt from Liability
              for Punitive Damages. .............................................................................16

VII.   CONCLUSION ....................................................................................................18

## TABLE OF AUTHORITIES

Page No. (s)

**Federal Cases**

422 F.3d 800 (9th Cir.2005) .................................................................. 16
436 U.S. 658 (1978) ............................................................................. 10
2013 WL 4525640 (N.D. Cal. Aug. 19, 2013) ..................................... 15
Anderson v. Creighton,
  483 U.S. 635 (1987) ...................................................................... 11
Arpin v. Santa Clara Valley Transp. Agency,
  261 F.3d 912 (9th Cir. 2001) ................................................... 10, 13
Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ...................................................................... 10
Balisteri v. Pacifica Police Dept.,
  901 F.2d 696 (9th Cir. 1990) .......................................................... 9
Beliveau v. Caras,
  873 F.Supp. 1393 (CD CA 1995) ................................................... 9
Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ...................................................................... 10
Board of County Commissioners of Bryan County, Oklahoma v. Brown,
  520 U.S. 397 (1997) ................................................................... 6, 11
City of Los Angeles v. Heller,
  475 U.S. 796 (1986.) ..................................................................... 11
Coughlin v. Tailhook Ass'n,
  112 F.3d 1052 (9th Cir.1997) ....................................................... 17
Goehring v. Wright,
  858 F. Supp. 989 (N.D. Cal. 1994) ............................................... 14
Harlow v. Fitzgerald,
  457 U.S. 800 (1982) ...................................................................... 11
Hunter v. Bryant,
  502 U.S. 224 (1991) ...................................................................... 11
Lassiter v. Alabama A & M University Board of Trustees,
  28 F.3d 1146 (11th Cir. 1994) ...................................................... 11
Martinez v. City of Los Angeles,
  141 F.3d 1373 (9th Cir.1998) ....................................................... 13
Morgan v. Woessner,
  997 F.2d 1244 (9th Cir.1993) ....................................................... 16
Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,
  429 U.S. 274 (1977) ........................................................................ 9
P.A. v. United States, C 10-2811 PSG,
  2013 WL 3864452 (N.D. Cal. July 24, 2013) ........................... 7, 15
Pearson v. Callahan,
  555 U.S. 223 ................................................................................. 11
SEC v. Cross Fin'l Services, Inc.,
  908 F.Supp. 718 (CD CA 1995) ..................................................... 9
Siegert v. Gilley,
  500 U.S. 226 (1991) ...................................................................... 11
Smith v. Wade,
  416 U.S. 30 (1983) ........................................................................ 16

*Strom v. United States,*
   (9th Cir. 2011) 641 F3d 1051 ...................................................................................... 9
*United States v. Gaubert,*
   499 US 315(1991) .................................................................................................... 11
*United States v. White,*
   893 F.Supp. 1423 (CD CA 1995) .............................................................................. 9
*West v. Atkins,*
   (1998) 487 U.S. 42 ................................................................................................... 10
*Whittlestone v. Handi-Craft Company,*
   618 F.3d 970 (9th Cir. 2010) ................................................................................... 16

**State Cases**

*Allen v. City of Sacramento,*
   234 Cal.App.4th 41 (2015) ...................................................................................... 13
*Asgari v. City of Los Angeles,*
   15 Cal.4th 744 (1997) .............................................................................................. 13
*Austin B. v. Escondido Union School District,*
   149 Cal.App.4th 860 (2007) .................................................................................... 12
*Doe v. State,*
   8 Cal. App. 5th 832 (2017) ...................................................................................... 12
*Gates v. Superior Court,*
   32 Cal.App.4th 481 (1995) ...................................................................................... 15
*Hamilton v. City of San Diego,*
   217 Cal.App.3d 838, 266 Cal.Rptr. 215 (1990) ...................................................... 14
*In re Ground Water Cases,*
   154 Cal.App.4th 659 (2007) .................................................................................... 15
*Jones v. Kmart Corp.,*
   17 Cal.4th 329 (1998) .............................................................................................. 12
*Keyes v. Santa Clara Valley Water District,*
   128 Cal.App.3d 882 (1982) ..................................................................................... 15
*Munoz,*
   120 Cal. App. 4th ............................................................................................... 7, 15
*People v. Fischer,*
   49 Cal.2d 442, 317 P.2d 967 (1957) ....................................................................... 14
*Shoyoye v. County of Los Angeles,*
   203 Cal.App.4th 947 (2012) ......................................................................... 7, 12, 13
*Sonoma AG Art v. Department of Food & Agriculture,*
   125 Cal.App.4th 122 (2004) .................................................................................... 15
*Williams v. Horvath,*
   16 Cal.3d 834 (1976) ............................................................................................... 15

**Federal Statutes**

28 U.S.C. § 1183 ........................................................................................................... 10
28 U.S.C. § 1983 .............................................................................................. 2, 10, 11
42 U.S.C. § 1983 ............................................................................................ 6, 10, 11, 18

DEFENDANTS' NOTICE AND MEMORANDUM     4     17:-cv- 06002-JCS
OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

**State Statutes**

Cal. Govt. Code § 815(a) .......................................................................................... 7, 15
Cal. Govt. Code § 811.2 ................................................................................................. 16
California Penal Code § 847 ............................................................................... 7, 13, 14
Civil Code § 52.1 .................................................................................................. passim
Gov't. Code §815.2 ......................................................................................................... 14
Gov't. Code § 815.2(b)...................................................................................................... 12
Health and Safety Code § 11379(a)................................................................................. 9
Penal Code § 242.............................................................................................................. 14

**Federal Rules**

Fed. R. Civ. Pro. 12(b)(6).................................................................................. 1, 6, 9, 10

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE that on January 26, 2018 at 9:30 a.m.,** or as soon thereafter as the matter may be heard, in Courtroom G, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, 94102. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants City of Oakland, Sabrina Landreth, William Berger, Brandon Hraiz, Brenton Lowe, Cedric Remo, Richard Vierra and Nathaniel Walker (collectively referred to as "Defendants") shall and hereby move to dismiss all claims against them for failure to state a claim and request that the request for punitive damages be stricken from the complaint.

This Motion is based upon the Memorandum of Points and Authorities submitted herewith, the Request for Judicial Notice and corresponding exhibit, the Declaration of Michelle M. Meyers, and oral argument.

## ISSUES TO BE DECIDED

1.      Whether Plaintiff's claim for violation of 42.U.S.C. § 1983 for depriving the Plaintiff of his constitutional right to be protected by unreasonable search and seizure  should be dismissed pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. Pro.") § 12(b)(6)?  Plaintiff cannot state a claim as the Oakland Police Officers ("OPD") Officers conduct was reasonable in light of the probable cause giving rise to Plaintiff's arrest.

2.      Whether Plaintiff's *Monell* claim should be dismissed pursuant to Fed. R. Civ. Pro. § 12(b)(6)?  Plaintiff's *Monell* claim should be dismissed because unconstitutional acts of police officers cannot create *respondeat superior* liability under 42 U.S.C. § 1983.  See *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997).

3.      Whether Plaintiff's claim for violation of California Civil Code § 52.1 ("Bane Act") should be dismissed pursuant to Fed. R. Civ. Pro. § 12(b)(6)?  Plaintiff cannot allege any facts other

1  than a wrongful arrest and detention.  Wrongful arrest and detention, without more, cannot

2  constitute force, intimidation, or coercion for purposes of section 52.1.  See  *Shoyoye v. County of*

3  *Los Angeles* 203 Cal.App.4th 947, 960 (2012).

4        4.      Whether Plaintiff's claims for false arrest and false imprisonment should be

5  dismissed pursuant to Fed. R. Civ. Pro. § 12(b)(6)?  Plaintiff's claims are statutorily barred by

6  California Penal Code § 847.

7        5.      Whether Plaintiff's claims for assault and battery should be dismissed pursuant to

8  Fed. R. Civ. Pro § 12(b)(6)?  Plaintiff's claims should be dismissed because police officers acting

9  in their official capacities may use reasonable force to make an arrest, prevent escape or overcome

10  resistance, and need not desist in the face of resistance. See *P.A. v. United States*, C 10-2811 PSG,

11  2013 WL 3864452, at *7 (N.D. Cal. July 24, 2013) (quoting *Munoz*, 120 Cal. App. 4th at 1102).

12        6.      Whether Plaintiff's claim for negligence as to the City of Oakland should be

13  dismissed pursuant to Fed. R. Civ. Pro § 12(b)(6)?  Plaintiff's claim should be dismissed because a

14  public entity is not liable for injury "[e]xcept as otherwise provided by statute . . . " See Cal. Govt.

15  Code § 815(a).

16        7.      Whether Plaintiff may proceed with his request for punitive damages?  Plaintiff

17  cannot allege facts which demonstrate that the Defendants acted with malicious, oppression or

18  reckless disregard of Plaintiff's rights.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND FACTS

**A.**   **The Incident**

On October 25, 2016, Plaintiff Shelley Watkins, also known as Jesse Powell, and a companion were drove from Sacramento to Oakland to attend bible study.  (Request for Judicial Notice ("RJN") ¶ 1; Complaint ("Compl.") ¶¶ 2, 19, 20.)  Before attending bible study, Plaintiff stopped to shop at the 99 Cent Only store located at 1440 Seventh Street, Oakland, California.  (Compl. ¶ 20.)  Plaintiff waited in the car while his friend shopped.  (Compl. ¶ 21.)  While sitting in the car, the Plaintiff asked a male in the parking lot if he had a light for Plaintiff's cigarette.  (*Id.*)  The person gave Plaintiff a book of matches.  The Plaintiff then gave the person money so he could buy cigarettes.   (*Id.*)

After Plaintiff's rejoined Plaintiff in his car, Mr. Watkins drove his vehicle out of the parking lot with the intent of going to bible study.  (Comp. ¶ 23.)

**B.**   **The Detention and Arrest**

Plaintiff admits in detail the manner in which OPD detained and arrested him.  First, the Officers requested he put his keys onto the dashboard of the vehicle.  Plaintiff complied.  (Compl. ¶ 25.)  Next, Officer Hraiz instructed him to set out of the car and place his hands behind his back.  Plaintiff complied.  (Compl. ¶ 26.)  Thereafter, Officer Hraiz placed handcuffs on Plaintiff.  (Id.)  Thereafter, Officer Hraiz requested Plaintiff walk and stand next to the OPD vehicle.  Plaintiff complied.  (Compl. 27.)  Officer Hraiz conducted a search of Plaintiff and then placed Plaintiff into the OPD vehicle.  (*Id.*)

Officer Hraiz told Plaintiff that he was being arrested because he had engaged in the sale of narcotics.  (Compl. 29.)  Plaintiff admits OPD grounds for probable cause to arrest him:

> In a police report, Defendant REMO stated that he had a "clear and unobstructed view of WATKINS from approximately 20 feet away" and that the "surveillance was conducted during daylight hours, so there was plenty of sunlight." Defendant REMO claimed that he observed a black male, Keith Williams, approach Plaintiff, and that Plaintiff exited his

1  vehicle.  Defendant REMO fabricated that he observed the two engage in a brief
conversation and that Williams had currency in his right hand.  Defendant REMO falsely
2  stated that he observed Plaintiff reach into his right front jean pocket and pull a small folded
piece of paper and give it to Williams in exchange for U.S. currency.  Defendants ROWE,
3  WALKER, and LOWE all falsely claimed they observed Plaintiff and Williams engage in a
narcotics sale.
4
(Compl. ¶ 31.)
5
**C.**    **Subsequent Action**
6
The Alameda County District Attorney charged Plaintiff with violation of Health and Safety
7
Code § 11379(a), Sale of Controlled Substance.   (Compl. ¶ 35.)  Plaintiff posted a $30,000 bond.
8
(Compl. ¶ 34.)   After four court appearances, on April 3, 2017, the District Attorney dismissed the
9
charge against Plaintiff.  (Compl. ¶ 36.)
10
11              **II.  PROCEDURAL POSTURE**
12       On April 11, 2017, Plaintiff submitted a Government Tort Claim to the City.  (Compl. ¶ 13.)
13  The City denied the Government Tort Claim on April 20, 2017.  (Compl. ¶ 13.)  Plaintiff filed this
14  lawsuit on October 19, 2017.
15                **III.  LEGAL STANDARD**
16
17       A Rule 12(b)(6) motion is similar to the common law general demurrer—i.e., it tests the
legal sufficiency of the claim or claims stated in the complaint.  *Strom v. United States* (9th Cir.
18
2011) 641 F3d 1051, 1067; *SEC v. Cross Fin'l Services, Inc.* 908 F.Supp. 718, 726-727 (CD CA
19
1995) (quoting text); *Beliveau v. Caras* 873 F.Supp. 1393, 1395 (CD CA 1995) (citing text); *United*
20
*States v. White* 893 F.Supp. 1423, 1428 (CD CA 1995).
21
A matter should be dismissed where the complaint "lacks a cognizable legal theory" or the
22
"absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police*
23
*Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).   Plaintiff must allege a "causal connection between the
24
defendant's actions and the harm that results."   *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*,
25
429 U.S. 274, 285-87 (1977).
26

1    In order to defeat a motion premised upon Federal Rule of Civil Procedure 12(b)(6),

2  Plaintiff must plead facts sufficient to state a claim for relief that is plausible on its face. *Bell*

3  *Atlantic Corp. v. Twombly* 550 U.S. 544 (2007).  Although the Court must accept the factual

4  allegations as true for purposes of this motion, the Court "is not bound to accept as true a legal

5  conclusion as a factual allegation. *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).

6                                    **IV.  FEDERAL CLAIMS**

7  **A.    Plaintiff Cannot State a Claim for 28 U.S.C. § 1983**

8      Plaintiff's first claim is for violation of  28 U.S.C. § 1183 which  provides that Plaintiff may

9  recover for the deprivation of any rights, privileges, or immunities secured by the Constitution and

10 laws of the United States.  Plaintiff contends that the individual Defendants actions were in

11 violation of the Fourth and Fourteenth Amendments.  Plaintiff must establish two elements: (1) the

12 right secured by the Constitution or laws of the United States was violated; and (2)  that the alleged

13 violation was committed by a person acting under the color of state. *West v. Atkins* (1998) 487 U.S.

14 42, 48.    The application of the Fourth Amendment requires that the Court employ a reasonableness

15 standard.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001).

16     Assuming the allegations true, the Officers conduct was reasonable.  Here, after witnessing

17 exchange of money for what appeared to be a paper containing drugs to the Officers, the Officers

18 detained and arrested Plaintiff.  Plaintiff contends that it was not drugs, but rather was a book of

19 matches. As such, the Officers' mistake does not constitution a violation of the Fourth

20 Amendment.

21 **B.    Plaintiff's *Monell* Claim is Likewise Barred**

22     A public entity liability arises under  42 U.S.C. § 1983, if its "policy, custom, whether made

23 by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy"

24 cause a constitutional violation. *Monell v. Department of Social Services*[1], 436 U.S. 658, 694

25 ──────────────

26   [1] The holding of the *Monell v. Department of Social Services* case is commonly referred to as "*Monell*".

1   (1978).   Unconstitutional acts of police officers cannot create *respondeat superior* liability under

2   42 U.S.C. § 1983.   *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520

3   U.S. 397, 403 (1997).

4          Assuming *arguendo* that the City had an unlawful practice or policy, a *Monell* claim cannot

5   be stated against the City without first establishing an underlying claim of a constitutional violation

6   by an officer pursuant to that policy or practice.   City of Los Angeles v. Heller, 475 U.S. 796, 799

7   (1986.)    For the reasons, discussed above with regard to 28 U.S.C. § 1983, Plaintiff cannot state a

8   claim against the City and/or Defendant Landreth.

9   **C.    Qualified Immunities**

10          **1.    The Officers' Alleged Conduct Is Subject to Protection by Qualified
             Immunities**

11          Plaintiff cannot state a claim against the individual Officers as their alleged actions are

12   protected by qualified immunity.[23]    Qualified immunity is a powerful tool that shields individual

13   officials who are performing discretionary activities unless their conduct violates "clearly

14   established statutory or constitutional rights of which a reasonable person would have known."

15   *Harlow v. Fitzgerald,* 457 U.S. 800 (1982). *See also, Anderson v. Creighton*, 483 U.S. 635 (1987).

16   A government official is entitled to qualified immunity unless his "act is so obviously wrong, in the

17   light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating

18   the law would have done such a thing*."    Lassiter v. Alabama A & M University Board of Trustees*,

19   28 F.3d 1146 (11th Cir. 1994).   Qualified immunity applies "if an reasonable officer could have

20   believed that probable cause existed to arrest." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

21   

22          [2]Courts should not assume that the plaintiff states a constitutional claim simply to get to the
     qualified immunity issue. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)

23          [3] A defendant official may assert the qualified immunity defense in 12(b)(6) motion for failure
24   to state a claim.   *United States v. Gaubert,* 499 US 315, 324-325(1991); *Hunter v. Bryant*, 502 U.S.
     224, 228 (1991).   Courts should resolve questions of qualified immunity at the earliest possible
25   stage in litigation.  *Pearson v. Callahan*, 555 U.S. 223, 232 citing *Hunter v. Bryant*, 502 U.S. 224,
     227 (1991).

26

1    Here, Plaintiff contends OPD misunderstood what they observed.  However, Plaintiff cannot

2  allege that the OPD was unreasonable.  OPD had a clear view of what appeared to be a drug sale

3  and as such, Plaintiff's arrest was reasonable and thus subject to immunity.

4    **2.    When an Officer is Immune, the City is also Immune**

5    Where the official is immune, so is his municipal employer. Gov't. Code § 815.2(b).

6  Accordingly, Plaintiff's claims against the City should likewise be dismissed since he cannot

7  maintain claims against the individual Defendants.

8

9    **V.  CALIFORNIA STATE LAW CLAIMS**

10  **A.    Plaintiff Fails To State a Claim for Violation of Civil Code § 52.1 ("Bane Act")**

11    Civil Code section 52.1 provides in part:

12

13    "(a) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured.... [¶] (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages...." (Italics added.)

19    To prevail on a cause of action under Civil Code section 52.1, the plaintiff must show that

20  the defendant interfered with or attempted to interfere with the plaintiff's legal right by threatening

21  or committing violent acts. *Doe v. State* 8 Cal. App. 5th 832, 842–43 (2017) *citing Austin B. v.*

22  *Escondido Union School District* 149 Cal.App.4th 860, 881-882 (2007); see generally *Jones v.*

23  *Kmart Corp.* 17 Cal.4th 329, 334 (1998).)  Coercion inherent in the alleged constitutional violation,

24  i.e., an overdetention in jail, is insufficient to meet the statutory requirement of " 'threat,

25  intimidation, or coercion.' " *Shoyoye v. County of Los Angeles* 203 Cal.App.4th 947, 959 (2012).

26    The statute requires a showing of threatening conduct independent from the alleged

DEFENDANTS' NOTICE AND MEMORANDUM              12                    17:-cv- 06002-JCS
OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

1   interference or violation of a civil right. (*Ibid.;* see also *Allen v. City of Sacramento* 234

2   Cal.App.4th 41, 66 (2015) ["There are two distinct elements for a [Civil Code] section 52.1 cause

3   of action."].) " '[A] wrongful arrest and detention, without more, cannot constitute "force,

4   intimidation, or coercion" for purposes of section 52.1.' "(*Shoyoye*, 203 Cal. App. 4th at 960.)

5         Here, Plaintiff contends that he was wrongfully arrested and detained.  He does not (and

6   cannot) allege excessive force, intimidation or coercion outside of his arrest.  The case law is clear

7   that a wrongful arrest alone is insufficient to establish a claim for violation of Civil Code section

8   52.1.  As such, Defendants respectfully request that the claim be dismissed.

9   **B.**    **Plaintiff's Claims for False Arrest and False Imprisonment are Statutorily**
        **Barred**

10

11         Plaintiff alleges that the Defendants are liable for  False Arrest (Claim No. 4) and False

  Imprisonment (Claim No. 5).[4]   However, such claims are statutorily barred by Penal Code § 847

12   which states:

13

14       (a)    A private person who has arrested another for the commission of a public offense
               must, without unnecessary delay, take the person arrested before a magistrate, or

15                  deliver him or her to a peace officer.

16       (b)    There shall be no civil liability on the part of, and no cause of action shall arise
               against, any peace officer or federal criminal investigator or law enforcement officer

17                  described in subdivision (a) or (d) of Section 830.8, acting within the scope of his or
               her authority, for false arrest or false imprisonment arising out of any arrest under

18                  any of the following circumstances:

19           (1)    The arrest was lawful, or the peace officer, at the time of the arrest, had
                    reasonable cause to believe the arrest was lawful.

20

21           (2)    The arrest was made pursuant to a charge made, upon reasonable cause, of
                    the commission of a felony by the person to be arrested.

22           (3)    The arrest was made pursuant to the requirements of Section 142, 837, 838,
                    or 839.

23

---

24   [4] Under California law, "false arrest is not a different tort" but "is merely one way of committing a
  false imprisonment." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.

25   2001) citing *Martinez v. City of Los Angeles,* 141 F.3d 1373, 1379 (9th Cir.1998) (citation and
  quotation omitted); *see also Asgari v. City of Los Angeles,* 15 Cal.4th 744, n. 3 (1997).

26

1  Cal. Pen. Code § 847.

2       An arrest is considered "lawful" if it was supported by probable cause at the time it was

3  executed. *Goehring v. Wright*, 858 F. Supp. 989, 1003 (N.D. Cal. 1994) citing *Hamilton v. City of*

4  *San Diego*, 217 Cal.App.3d 838, 266 Cal.Rptr. 215, 218–219 (1990).

5
6      "'Probable cause for an arrest is shown if a [person] of ordinary caution or prudence would
be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused.
7  Probable cause may exist even though there may be room for some doubt.... The test in such
a case is not whether the evidence upon which the officer made the arrest is sufficient to
8  convict but only whether the prisoner should stand trial.'"

9  *Goehring v. Wright*, 858 F. Supp. 989, 1003 (N.D. Cal. 1994) citing *Hamilton v. City of San Diego*,

10  217 Cal.App.3d 838, 266 Cal.Rptr. 215, 219 (1990) quoting *People v. Fischer,* 49 Cal.2d 442, 446,

11  317 P.2d 967 (1957).

12       Plaintiff admits that OPD Officer Hraiz told him that he was being arrested for the sale of

13  narcotics. (Compl. ¶ 29.)  Plaintiff concedes that OPD arrest was based upon probable cause, which

14  resulted from OPD Officers, observing the Plaintiff engage in the sale of narcotics.  (Compl. ¶ 31.)

15  OPD Officers observed the drug transaction from approximately 20 feet and their view was "clear

16  and unobstructed." (*Id.*)

17       As such, the Officers observed what they believed to be a drug transaction which provided

18  probable cause for the arrest of Plaintiff.  Accordingly, the Officers and the City cannot be liable for

19  false arrest and false imprisonment.  (See Pen. Code § 847; Gov't. Code §815.2.)

20  **C.**    **Plaintiff's Claims for Assault and Battery Should be Dismissed**

21       Plaintiff seventh claim is for both assault and battery.  Plaintiff does not allege a statutorily

22  provision which he is relying upon; therefore, Defendants presume he is relying upon Penal Code §

23  242 which defines battery as "any willful and unlawful use of force or violence upon the person of

24  another."  In order to prevail on a claim for battery against a  police officer, the plaintiff must

25  provide that officer used unreasonable force. *Hernandez v. Cnty. of Marin*, 11-CV-03085-JST,

26

1   2013 WL 4525640, at *8 (N.D. Cal. Aug. 19, 2013) (quoting *Munoz v. City of Union City*, 120

2   Cal. App. 4th 1077, 1102 (2004)).  Police officers acting in their official capacities may use

3   reasonable force to make an arrest, prevent escape or overcome resistance, and need not desist in

4   the face of resistance. See *P.A. v. United States*, C 10-2811 PSG, 2013 WL 3864452, at *7 (N.D.

5   Cal. July 24, 2013) (quoting *Munoz*, 120 Cal. App. 4th at 1102).

6
    Plaintiff in his complaint dedicates several paragraphs describing his arrest and detention.

7   Plaintiff does not allege that the Officers used "unreasonable force" in his arrest.  Plaintiff admits

8   that he complied with all the Officers verbal requests and that he was handcuffed without the use of

9   any force.  As such, the Court should dismiss Plaintiff's seventh claim.

10
    **D.    Plaintiff's Eighth Claim for Negligence Should Be Dismissed as to the City**

11      Plaintiff seeks to recover in his eighth claim against all Defendants for negligence.   Under

12  the California Tort Claims Act, a public entity is not liable for injury "[e]xcept as otherwise

13  provided by statute . . . " CAL GOVT. CODE § 815(a).  All common law or judicially declared forms

14  of liability for public entities have been abolished and public entity liability is wholly dependent on

15  statute. *See In re Ground Water Cases*, 154 Cal.App.4th 659, 688 (2007).

16
    "[T]he intent of the [California Tort Claims Act] is not to expand the right of plaintiffs in

17  suits against governmental entities, but to confine potential governmental liability to rigidly

18  delineated circumstances: immunity is waived only if the various requirements of the act are

19  satisfied." *Id.* (quoting *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976)).  "Sovereign immunity is

20  the rule in California." *In re Ground Water Cases*, 154 Cal.App.4th at 688 (citing *Sonoma AG Art v.*

21  *Department of Food & Agriculture*, 125 Cal.App.4th 122, 125 (2004)).  "Consequently, the public

22  entity defendant may be held liable *only* if there is a statute subjecting them to civil liability." *Id.*

23  (emphasis in original).  "In the absence of such a statute, a public entity's sovereign immunity bars

24  the suit." *In re Ground Water Cases*, 154 Cal.App.4th at 688 (citing *Gates v. Superior Court, 32*

25  *Cal.App.4th 481, 509 (1995)); see also Keyes v. Santa Clara Valley Water District*, 128 Cal.App.3d

26

882, 885-86 (1982).  The City of Oakland is a public entity for the purposes of the California Tort

Claims Act.  *See* CAL. GOVT. CODE § 811.2. (" 'Public entity' includes the State, the Regents of the

University of California, a county, city, district, public authority, public agency, and any other

political subdivision or public corporation in the State.").  Accordingly, the City cannot be held

liable in this case in the absence of an authorizing statute or enactment.

Here, Plaintiff failed to identify any statutory authority that subjects the City to liability on a

negligence claim.  The failure to provide statutory authority is fatal to the claim for negligence

against the City.

## VI. PUNITIVE DAMAGES

**A.      Plaintiffs Claim for an Award of Punitive Damages against the City must be dismissed because Public Entities are Exempt from Liability for Punitive Damages.**

Plaintiff seeks to recover punitive damages against the individual Defendants.[5]  Plaintiff's complaint,

however, is devoid of factual admissions warranting an award of punitive damages.    The United

States Courts for the Ninth Circuit provided the following Comment to Model Civil Jury Instruction

5.5 entitled Punitive Damages:

> As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner,* 997 F.2d 1244, 1255 (9th Cir.1993). In *Dang v. Cross,* the Ninth Circuit held this "statement of the law of punitive damages is incomplete, however. The standard for punitive damages under §  1983 mirrors the standard for punitive damages under common law tort cases. . . . [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates for punitive damages under § 1983." 422 F.3d 800, 807 (9th Cir.2005) (citing *Smith v. Wade,* 416 U.S. 30, 49 (1983)). The *Dang* court held it was reversible error to decline to instruct that "oppressive acts" were an alternative basis for punitive damages in a § 1983 case.

---

[5] Defendants move to strike punitive damages pursuant to Rule 12(b)(6).  See *Whittlestone v. Handi-Craft Company,* 618 F.3d 970, 974-975 (9th Cir. 2010) (concluding challenge to damages claim is really an attempt to have portions of complaint dismissed and is better suited to Rule 12(b)(6) motion to dismiss).

DEFENDANTS' NOTICE AND MEMORANDUM                16                    17:-cv- 06002-JCS
OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

1    Similarly, punitive damages claims arising under state law are subject to state law standards
     for recovery which should be reflected in a modified jury instruction. *See, e.g., Coughlin v.*
2    *Tailhook Ass'n,* 112 F.3d 1052, 1056 (9th Cir.1997).

3    Model Civil Jury Instruction 5.5, Punitive Damages, Comment.

4

5        Plaintiff's complaint includes 84 paragraphs.  In his lengthy complaint, Plaintiff concedes

6    that his detention and arrest was based upon the Officers purported observation of him selling

7    narcotics.  An arrest following the observation of illegal activity, does not rise to the level of evil

8    required to justify an award of punitive damages.  As such, Plaintiff's demand for punitive damages

9    should be dismissed.

10

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1

## VII.  CONCLUSION

2       For the foregoing reasons, Defendants request that the Court dismiss Plaintiff's claims as to

3 all Defendants for:

4               • 42 U.S.C. § 1983;

5               • Bane Act;

6               • False Arrest and False Imprisonment; and

7               • Assault and Battery.

8       For the foregoing reasons, Defendant Landreth and the City request that Plaintiff's Monell

9 claim be dismissed.  Lastly, the City requests that the claim for negligence be dismissed as to the

10 City.

11 Dated: December 12, 2017

                             BARBARA J. PARKER, City Attorney

12                              OTIS McGEE, Jr., Chief Assistant City Attorney
                             COLIN T. BOWEN, Supervising Trial Attorney

13                              MICHELLE M. MEYERS, Senior Deputy City Attorney

14

15                    By:     /S/  Michelle M. Meyers_____
                             Attorneys for Defendants

16                              CITY OF OAKLAND, SABRINA LANDRETH,
                             WILLIAM BERGER, BRANDON HRAIZ,

17                              BRENTON LOWE, CEDRIC REMO,
                             RICHARD VIERRA, NATHANIEL WALKER

18

19

20

21

22

23

24

25

26