BARBARA J. PARKER, City Attorney - SBN 069722
OTIS McGEE, Jr., Chief Assistant City Attorney - SBN. 71885
COLIN T. BOWEN Supervising Trial Attorney – SBN 152489
MICHELLE M. MEYERS, Senior Deputy City Attorney – SBN 236387
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Phone:  (510) 238-2964, Fax:  (510) 238-6500
Email: mmeyers@oaklandcityattorney.org
31859/2324264

Attorneys for Defendants
CITY OF OAKLAND, SABRINA LANDRETH,
WILLIAM BERGER, BRANDON HRAIZ,
BRENTON LOWE, CEDRIC REMO,
RICHARD VIERRA, NATHANIEL WALKER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHELLEY WATKINS,<br><br>                    Plaintiffs,<br><br>         v.<br><br>**CITY OF OAKLAND;** Oakland Police Department Chief **SABRINA LANDRETH,** in her Individual and Official Capacities; Oakland Police Officer **WILLIAM BERGER** in his individual capacity; Oakland Police Officer **BRANDON HRAIZ** in his individual capacity; Oakland Police Officer **BRENTON LOWE** in his individual capacity; Oakland Police Officer **CEDRIC REMO,** in his individual capacity; Oakland Police Sergeant **RICHARD VIERRA,** in his individual capacity; Oakland Police Officer **NATHANIEL WALKER** in his individual capacity; and DOES 1-30<br><br>                    Defendants. | Case No.  17-cv-06002-JCS<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF SHELLEY WATKINS' COMPLAINT** |

Defendants City of Oakland, Sabrina Landreth, William Berger, Brandon Hraiz, Brenton Lowe, Cedric Remo, Richard Vierra and Nathaniel Walker (collectively referred to as "Defendants") answers Plaintiff Shelley Watkins's Complaint as follows:

1. As to Paragraph 1, Defendants deny the allegations.
2. As to Paragraph 2, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.
3. As to Paragraph 3, Defendants admit the allegation.
4. As to Paragraph 4, Defendants admit that the individual Defendants are employees of the Defendant City of Oakland at the time of the Plaintiff's arrest.
5. As to Paragraph 5, Defendants deny the allegations.
6. As to Paragraph 6, Defendants admit that Sergeant Richard Vierra is an employee of the City of Oakland. Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the remaining allegations.
7. As to Paragraph 7, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the remaining allegations.
8. As to Paragraph 8, Defendants deny the allegations.
9. As to Paragraph 9, Defendants deny the allegations.
10. As to Paragraph 10, Defendants deny the allegations.
11. As to Paragraph 11, Defendants have insufficient knowledge or information to form a belief as to the truth of the allegations, and on that ground, denies the allegations.
12. As to Paragraph 12, Defendants admit that the Plaintiff was arrested in Oakland, California. Defendants deny the remaining allegations.
13. As to Paragraph 13, Defendants admit that the Plaintiff filed a claim against the City of Oakland on April 11, 2017. Defendants admit that the claim was denied on April 20, 2017. Defendants deny the remaining allegations.
14. As to Paragraph 14, Defendant admits the allegation.

1  15. As to Paragraph 15, Defendant admits the allegation that this action is brought pursuant 42
2      U.S.C. §§ 1983 and 1988.  Defendant admits the allegation that action is brought pursuant to
3      Fourth and Fourteenth Amendments to the United States Constitution.  Defendant admits that
4      jurisdiction is bestowed on this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).
5  16. As to Paragraph 16, Defendants admit the allegation.
6  17. As to Paragraph 17, Defendants admit the allegation.
7  18. As to Paragraph 18, Defendants incorporate by reference its responses to Paragraphs 1 through
8      17.
9  19. As to Paragraph 19, Defendants have insufficient knowledge or information to form a belief as
10     to the truth of the allegation, and on that ground, denies the Defendants deny the allegations.
11 20. As to Paragraph 20, Defendants have insufficient knowledge or information to form a belief as
12     to the truth of the allegation, and on that ground, denies the Defendants deny the allegations.
13 21. As to Paragraph 21, Defendants deny the allegations.
14 22. As to Paragraph 22, Defendants deny the allegations.
15 23. As to Paragraph 23, Defendants deny the allegations.
16 24. As to Paragraph 24, Defendants deny the allegations.
17 25. As to Paragraph 25, Defendants admit that its police car had sirens on and that Mr. Watkins
18     pulled his vehicle over.   Defendants deny the remaining allegations.
19 26. As to Paragraph 26, Defendants admit that Officer Hraiz placed handcuffs on Mr. Watkins.
20     Defendants deny the remaining allegations.
21 27. As to Paragraph 27, Defendants deny the allegations.
22 28. As to Paragraph 28, Defendants deny the allegations.
23 29. As to Paragraph 29, Defendants deny the allegations.
24 30. As to Paragraph 30, Defendants deny the allegations.
25 31. As to Paragraph 31, Defendants admit that Defendant Remo states "a clear and unobstructed
26     view of WATKINS from approximately 20 feet away."  Defendants further admit that the

1  Defendant Remo states that "surveillance was conducted during daylight hours, so there was
2  plenty of sunlight."  Defendants deny the remaining allegations.
3  32. As to Paragraph 32, Defendants admit that Officer Berger and Officer Hraiz arrested Watkins.
4  Defendants deny the remaining allegations.
5  33. As to Paragraph 33, Defendants deny the allegations.
6  34. As to Paragraph 34, Defendants have insufficient knowledge or information to form a belief as
7  to the truth of the allegation, and on that ground, denies the Defendants deny the allegations.
8  35. As to Paragraph 35, Defendants deny the allegations.
9  36. As to Paragraph 36, Defendants have insufficient knowledge or information to form a belief as
10  to the truth of the allegation, and on that ground, denies the Defendants deny the allegations.
11  37. As to Paragraph 37, Defendants deny the allegations.
12  38. As to Paragraph 38, Defendants deny the allegations.
13  39. As to Paragraph 39, Defendants incorporate by reference its responses to Paragraphs 1 through
14  38.
15  40. As to Paragraph 40, Defendants deny the allegations.
16  41. As to Paragraph 41, Defendants deny the allegations.
17  42. As to Paragraph 42, Defendants deny the allegations.
18  43. As to Paragraph 43, Defendants deny the allegations.
19  44. As to Paragraph 44, Defendants deny the allegations.
20  45. As to Paragraph 45, Defendants deny the allegations.
21  46. As to Paragraph 46, Defendants deny the allegations.
22  47. As to Paragraph 47, Defendants deny the allegations.
23  48. As to Paragraph 48, Defendants incorporate by reference its responses to Paragraphs 1 through
24  47.  As to remaining allegations of Paragraph 48, Defendants deny the allegations.
25  49. As to Paragraph 49, Defendants deny the allegations.
26  50. As to Paragraph 50, Defendants deny the allegations.

DEFENDANTS' ANSWER TO PLAINTIFF            4                    17:-cv- 06002-JCS
SHELLEY WATKINS'S COMPLAINT

1    51. As to Paragraph 51, Defendants deny the allegations.
2    52. As to Paragraph 52, Defendants deny the allegations.
3    53. As to Paragraph 53, Defendants incorporate by reference its responses to Paragraphs 1 through
4        52.
5    54. As to Paragraph 54, Defendants deny the allegations.
6    55. As to Paragraph 55, Defendants deny the allegations.
7    56. As to Paragraph 56, Defendants deny the allegations.
8    57. As to Paragraph 57, Defendants deny the allegations.
9    58. As to Paragraph 58, Defendants deny the allegations.
10   59. As to Paragraph 59, Defendants incorporate by reference its responses to Paragraphs 1 through
11       58.
12   60. As to Paragraph 60, Defendants deny the allegations.
13   61. As to Paragraph 61, Defendants deny the allegations.
14   62. As to Paragraph 62, Defendants deny the allegations.
15   63. As to Paragraph 63, Defendants deny the allegations.
16   64. As to Paragraph 64, Defendants incorporate by reference its responses to Paragraphs 1 through
17       63.
18   65. As to Paragraph 65, Defendants deny the allegations.
19   66. As to Paragraph 66, Defendants deny the allegations.
20   67. As to Paragraph 67, Defendants deny the allegations.
21   68. As to Paragraph 68, Defendants deny the allegations.
22   69. As to Paragraph 69, Defendants incorporate by reference its responses to Paragraphs 1 through
23       68.
24   70. As to Paragraph 70, Defendants deny the allegations.
25   71. As to Paragraph 71, Defendants deny the allegations.
26   72. As to Paragraph 72, Defendants deny the allegations.

1. 73. As to Paragraph 73, Defendants deny the allegations.
2. 74. As to Paragraph 74, Defendants deny the allegations.
3. 75. As to Paragraph 75, Defendants incorporate by reference its responses to Paragraphs 1 through 74.
4. 76. As to Paragraph 76, Defendants deny the allegations.
5. 77. As to Paragraph 77, Defendants deny the allegations.
6. 78. As to Paragraph 78, Defendants deny the allegations.
7. 79. As to Paragraph 79, Defendants deny the allegations.
8. 80. As to Paragraph 80, Defendants incorporate by reference its responses to Paragraphs 1 through 79.
9. 81. As to Paragraph 81, Defendants deny the allegations.
10. 82. As to Paragraph 82, Defendants deny the allegations.
11. 83. As to Paragraph 83, Defendants deny the allegations.
12. 84. As to Paragraph 84, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, and each cause of action asserted in it, the City states as follows:

**First Affirmative Defense**: The Complaint, and each purported cause of cause of action asserted in it, fails to state facts sufficient to constitute a claim upon which relief can be granted.

**Second Affirmative Defense:** Plaintiffs' action is barred because the alleged wrongful acts and omissions are based on the exercise of a discretionary duty or discretionary function on the part of the public defendants. Accordingly, the City is immunized from liability as a matter of law.

**Third Affirmative Defense**: The causes of action in the Complaint are barred by the applicable statutes of limitation, including Government Code section 945.6.

1 **Fourth Affirmative Defense**: The causes of action in the Complaint are barred because the Plaintiff failed to present a timely claim in accordance with the Government Claims Act.

**Fifth Affirmative Defense**: The City is immune, absolutely or qualifiedly, from suit for the allegations of the Complaint pursuant to, without limitation, Government Code Sections 815, 815.2, 815.6, 818.2, 818.4, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830, 830.2, 830.5, 830.6, 835, 835.2, 840, 840.2, and 840.6.

**Sixth Affirmative Defense**: Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that they would be appropriate.

WHEREFORE, the Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That the present action be dismissed with prejudice;
3. That the Court enter judgment in favor of the Defendants and against Plaintiff on each claim for relief;
4. For attorneys' fees to the extent permitted by law;
5. For costs of suit; and
6. For such other and further relief as this Court may deem just and proper.

Dated: February 7, 2018

BARBARA J. PARKER, City Attorney
OTIS McGEE, Jr., Chief Assistant City Attorney
COLIN T. BOWEN, Supervising Trial Attorney
MICHELLE M. MEYERS, Senior Deputy City Attorney

By: __/S/   Michelle M. Meyers_____
Attorneys for Defendants
CITY OF OAKLAND, SABRINA LANDRETH, WILLIAM BERGER, BRANDON HRAIZ, BRENTON LOWE, CEDRIC REMO, RICHARD VIERRA, NATHANIEL WALKER